United States District Court
Southern District of Texas
**ENTERED**
September 21, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYFORD B. SMITH, <br> TDCJ #2122826, | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. H-23-3518 |
| BOBBY LUMPKIN, Director, <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, | § <br> § <br> § <br> § | |
| Respondent. | § <br> § <br> § | |

### MEMORANDUM OPINION AND ORDER

The petitioner, Rayford B. Smith (TDCJ #2122826), is presently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). He has filed a Petition For a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), challenging a conviction for continuous sexual abuse of a child in Brazos County Cause No. 16-04025-CRF-85. After considering all of the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases, the court will dismiss this action without prejudice for the reasons explained below.

### I.  Background

Smith discloses that on March 2, 2017, he was convicted of continuous sexual abuse of a child under the age of 14 and sentenced to life without parole in the 85th District Court of

Brazos County, Texas.[1]  Court records reflect that the conviction
was affirmed on direct appeal in an unpublished opinion.  <u>See Smith
v. State,</u> No. 12-17-00106-CR, 2018 WL 5276721 (Tex. App. — Tyler,
Oct. 24, 2018) (rejecting Smith's claims that he was entitled to a
jury instruction on a lesser-included offense and that the trial
court erred by commenting on the weight of the evidence when giving
a extraneous-offense instruction).   The Texas Court of Criminal
Appeals refused Smith's petition for discretionary review on March
6, 2019.[2]

On September 18, 2023, this court received Smith's federal
habeas Petition, which seeks relief from his conviction for the
following reasons:

(1)   His conviction violated the Double Jeopardy
      Clause.

(2)   His conviction violated the right to Due
      Process.

(3)   The prosecutor engaged in misconduct.

(4)   The prosecution and state forensic analyst
      engaged in official misconduct.

(5)   He was denied effective assistance of counsel
      (eight separate grounds).[3]

Smith asks this court to set aside his conviction, which he claims
was supported by insufficient evidence from the child victim

---

[1]Petition, Docket Entry No. 1, p. 2.

[2]<u>Id.</u> at 7.

[3]<u>Id.</u> at 6-8, 15-16.

alone.[4]  Because the pleadings reflect that the state courts have not yet completed collateral review of Smith's claims,[5] this action is subject to dismissal for lack of exhaustion.

## II.  **Discussion**

A federal court may not grant habeas corpus relief under 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999).  To satisfy this requirement "the petitioner must afford the state court a 'fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'"  Bagwell v. Dretke, 372 F.3d 748, 755 (5th Cir. 2004) (quoting Anderson v. Harless, 103 S. Ct. 276, 277 (1982)).  This means that a petitioner must present his claims in a procedurally proper manner to the highest court of criminal jurisdiction in the state, which in Texas is the Texas Court of Criminal Appeals.  See O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1731-34 (1999); Richardson v. Procunier, 762 F.2d 429, 432 (5th Cir. 1985).

A Texas criminal defendant may exhaust remedies by taking the following paths to the Texas Court of Criminal Appeals:  (1) the petitioner may file a direct appeal from a judgment of conviction followed, if necessary, by a petition for discretionary review in

---

[4] Id. at 7.

[5] Id. at 8.

3

the Texas Court of Criminal Appeals; and/or (2) he may file an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  See Tex. Code Crim. Proc. art. 11.07 § 3(c).  "Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."  Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004).

The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Moore v. Quarterman, 454 F.3d 484, 490-91 (5th Cir. 2006) (citations and internal quotation marks omitted).  Exceptions exist only where there is "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).

Smith reports that he has filed a state habeas corpus application and a supplemental application with the 85th District Court of Brazos County, raising claims of ineffective assistance of counsel, new evidence, official misconduct, and other allegations.[6] Smith acknowledges that there has been no final decision on his

---

[6]Petition, Docket Entry No. 1, p. 8.

4

application, which remains pending before the 85th District Court.[7]
Public records of Texas judicial proceedings confirm that the Texas
Court of Criminal Appeals has not yet had the opportunity to review
Smith's claims.[8]   Smith does not show that state habeas corpus
review is unavailable or that he fits within a recognized exception
to the exhaustion doctrine.   Under these circumstances, the pending
federal habeas Petition must be dismissed without prejudice for
lack of exhaustion. See Rose v. Lundy, 102 S. Ct. 1198, 1203 (1982)
("A rigorously enforced total exhaustion rule will encourage state
prisoners to seek full relief first from the state courts, thus
giving those courts the first opportunity to review all claims of
constitutional error.").

### III.   **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a
district court to issue or deny a certificate of appealability when
entering a final order that is adverse to the petitioner.   A
certificate of appealability will not issue unless the petitioner
makes "a substantial showing of the denial of a constitutional
right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to
demonstrate "that reasonable jurists would find the district
court's assessment of the constitutional claims debatable or

---

[7]Id.

[8]See Texas Judicial Branch website, available at:
http://search.txcourts.gov (last visited Sept. 21, 2023).

5

wrong." <u>Tennard v. Dretke,</u> 124 S. Ct. 2562, 2565 (2004) (quoting <u>Slack v. McDaniel,</u> 120 S. Ct. 1595, 1604 (2000)).  Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Slack,</u> 120 S. Ct. at 1604.  Because reasonable jurists would not debate that the petitioner has not yet exhausted available state court remedies, a certificate of appealability will not issue.

### IV.  **Conclusion and Order**

Based on the foregoing, the court **ORDERS** as follows:

1.  The Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Rayford B. Smith (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of exhaustion.

2.  A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 21st day of Sept. , 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE